# United States District Court

EASTERN DISTRICT OF WISCONSIN

**JUDGMENT IN A CIVIL CASE**

**GARY ARMSTRONG,**

               Plaintiff,

      V.                            CASE NUMBER: **03-C-581**

**CITY OF MILWAUKEE,**
**DEPARTMENT OF NEIGHBORHOOD SERVICES,**

               Defendants.

---

**GARY ARMSTRONG,**

               Plaintiff,

      V.                              CASE NUMBER: **04-C-751**
                                                   (Consolidated with Case No. 03-C-581)

**CITY OF MILWAUKEE,**
**DEPARTMENT OF NEIGHBORHOOD SERVICES,**

               Defendants.

---

☐    **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒    **Decision by Court.** This action came on for consideration and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that the City of Milwaukee's motion for summary judgment is GRANTED dismissing all of Armstrong's Title VII claims for the following reasons:

(1) Gary Armstrong's claims against Department of Neighborhood Services are dismissed because it is not a proper defendant in these actions;

(2) Armstrong's Title VII hostile work environment claim and his Title VII retaliation claim based on being subjected to closer scrutiny by Candice Maynard are dismissed because those claims were not included in Armstrong's EEOC charges;

(3) Armstrong's Title VII racial discrimination claims based on the City of Milwaukee's failure to promote him to the positions of (a) Senior Housing Rehabilitation Specialist in December 2000; (b) Assistant Supervisor for Commercial Code Enforcement in January 2001; (c) Supervisor for Commercial Code Enforcement in February 2003; and, (d) Building Construction Supervisor for Condemnation Services in April 2003, are dismissed because Armstrong has failed to present sufficient evidence of discrimination;

(4) Armstrong's claim of sex discrimination based on the City of Milwaukee's failure to promote him to the position of Assistant Supervisor Commercial Code Enforcement in January 2001 is dismissed because Armstrong has not responded to the Defendants's arguments that he has not presented any evidence of sex discrimination; and,

(5) Armstrong's Title VII claims of retaliation based on discipline relating to the November 8, 2001, altercation with Julie Blosmore and the warning for inappropriate use of e-mail in March 2003, are dismissed because Armstrong has failed to present evidence to establish a *prima facie* case as to those claims. **These actions are hereby DISMISSED.**

| | |
|---|---|
| **November 17, 2005** | **SOFRON B. NEDILSKY** |
| Date | Clerk |
| | s/ Linda M. Zik |
| | (By) Deputy Clerk |