**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**GARY ARMSTRONG,**

        **Plaintiff,**

    **vs.**                                                      **Case No. 03-C-0581**

**CITY OF MILWAUKEE,[1]**

        **Defendant.**

---

**GARY ARMSTRONG,**

        **Plaintiff,**

    **vs.**                                                      **Case No. 04-C-0751
                                                                     (Consolidated with 03-C-0581)**

**CITY OF MILWAUKEE,**

        **Defendant.**

---

## DECISION AND ORDER

---

        This consolidated Title VII employment discrimination and retaliation action was dismissed on November 17, 2005, pursuant to a decision and order and a judgment granting the motion for summary judgment filed by the Defendants City of Milwaukee and Department of Neighborhood Services (collectively referred to as "the Defendants"). The matter is now before the Court for a ruling on plaintiff Gary Armstrong's ("Armstrong") motion to hold taxation of

---

[1] The Court has amended the caption to reflect the dismissal of Armstrong's claims against the Department of Neighborhood Services ("Neighborhood Services") because it is not a proper defendant. Neither Armstrong nor the Defendants have amended the captions of their submissions which post-date this Court's November 17, 2005, decision and order to reflect the dismissal of Neighborhood Services from the action.

costs until "an appeal is exhausted" (Docket No. 59). The motion is opposed by the Defendants, who filed a bill of costs on November 23, 2005.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides for the award of costs to the prevailing party unless otherwise directed by the Court. Fed. R. Civ. P. 54(d)(1). A presumption exists that the prevailing party will recover costs and the losing party bears the burden of making an affirmative showing that taxed costs are not appropriate. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). Armstrong, who filed a notice of appeal on December 19, 2005, has not indicated opposition to the costs sought by the Defendants. But, he wants to postpone any award until the appeal is resolved. Perhaps, Armstrong hopes that he will prevail on appeal. However, in the event a party prevails on appeal, both the underlying judgment and the taxation of costs pursuant to that judgment are reversed. *See Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964), *abrogated on other grounds*, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 443 (1987).)

The Court has jurisdiction to award costs while Armstrong's appeal is pending. *See Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994). Armstrong has not provided any authority to support his request that the award of costs be stayed until the appeal is resolved. Under the circumstances, this Court declines to delay the award of costs to the Defendants and denies Armstrong's motion to hold taxation of costs until his appeal is resolved.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Armstrong's motion to hold taxation of costs until his appeal is exhausted (Docket No. 59) is **DENIED.**

Dated at Milwaukee, Wisconsin this 9th day of January, 2006.

**BY THE COURT**

**s/ Rudolph T. Randa**

**Hon. Rudolph T. Randa
Chief Judge**